**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Matthew William Tanguy, | ) | No. CV 11-2505-PHX-RCB (DKD) |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Joseph M. Arpaio, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Matthew William Tanguy, who was then confined in the Lower Buckeye Jail in Phoenix, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. (Doc. 1, 3.) Plaintiff also filed a second Application to Proceed *In Forma Pauperis*. (Doc. 8.) Plaintiff later filed a First Amended Complaint, which superceded the original Complaint in its entirety. (Doc. 9.) The Court granted Plaintiff leave to proceed *in forma pauperis* in this case and dismissed the First Amended Complaint with leave to amend. (Doc. 10.) Plaintiff has filed a Second Amended Complaint and another *in forma pauperis* application. (Doc. 12, 14.) The Court will deny the third *in forma pauperis* application as moot because Plaintiff has already been granted leave to proceed *in forma pauperis* in this case. (Doc. 10.) The Court will dismiss the

JDDL-K

1   Second Amended Complaint with leave to amend.  (Doc. 14.)

2   **I.   Statutory Screening of Prisoner Complaints**

3        The Court is required to screen complaints brought by prisoners seeking relief against

4   a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C.

5   § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised

6   claims that are legally frivolous or malicious, that fail to state a claim upon which relief may

7   be granted, or that seek monetary relief from a defendant who is immune from such relief.

8   28 U.S.C. § 1915A(b)(1), (2).

9        A pleading must contain a "short and plain statement of the claim *showing* that the

10  pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not

11  demand detailed factual allegations, "it demands more than an unadorned, the-defendant-

12  unlawfully-harmed-me accusation."   Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

13  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory

14  statements, do not suffice." Id.

15       "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a

16  claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly,

17  550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content

18  that allows the court to draw the reasonable inference that the defendant is liable for the

19  misconduct alleged." Id.  "Determining whether a complaint states a plausible claim for

20  relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial

21  experience and common sense." Id. at 1950.  Thus, although a plaintiff's specific factual

22  allegations may be consistent with a constitutional claim, a court must assess whether there

23  are other "more likely explanations" for a defendant's conduct. Id. at 1951.

24       But as the United States Court of Appeals for the Ninth Circuit has instructed, courts

25  must "continue to construe *pro se* filings liberally." Hebbe v. Pliler, 627 F.3d 338, 342 (9th

26  Cir. 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards

27  than formal pleadings drafted by lawyers.'" Id. (quoting Erickson v. Pardus, 551 U.S. 89,

28  94 (2007) (*per curiam*)).

JDDL-K                                      - 2 -

1       If the Court determines that a pleading could be cured by the allegation of other facts,

2   a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the

3   action.  See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*).  The Court

4   should not, however, advise the litigant how to cure the defects.  This type of advice "would

5   undermine district judges' role as impartial decisionmakers."  Pliler v. Ford, 542 U.S. 225,

6   231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was

7   required to inform a litigant of deficiencies).  The Court will dismiss Plaintiff's Second

8   Amended Complaint for failure to state a claim, but because the Second Complaint may

9   possibly be saved by amendment, the Court will dismiss it with leave to amend.

10   **II.   Second Amended Complaint**

11       Plaintiff alleges two counts for threat to safety and denial of constitutionally adequate

12   medical care.  He sues Maricopa County Sheriff Joseph Arpaio and "Durango Jail Staff."

13   Plaintiff seeks compensatory relief.

14       Plaintiff alleges the following facts: between July 11, 2007 and August 30, 2007,

15   Plaintiff was incarcerated in Maricopa County's Durango Jail.  Plaintiff was assigned to the

16   top of bunk.  In getting down from the top bunk, Plaintiff's foot slipped off of the bottom

17   bunk and the right side of his face hit a metal rail.  Plaintiff was stunned and had a deep

18   laceration.  A detention officer took Plaintiff to the Day Room.  About thirty minutes later,

19   he was escorted to a holding cell at the front of the Jail, where he remained for several hours

20   bleeding and in severe pain.  Then two officers came to the door and slid a paper and pencil

21   to Plaintiff to sign.  Plaintiff felt very disoriented but the officers told him to sign the paper

22   or they would not transport him to the emergency room.  Plaintiff signed the paper in order

23   to obtain treatment of his injury.  Plaintiff was taken to Maricopa County Hospital, where he

24   received stitches, which left a two inch scar.

25   **III.   Failure to State a Claim**

26       To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the

27   conduct about which he complains was committed by a person acting under the color of state

28   law and (2) the conduct deprived him of a federal constitutional or statutory right.  Wood v.

1    Ostrander, 879 F.2d 583, 587 (9th Cir. 1989).  In addition, a plaintiff must allege that he

2    suffered a specific injury as a result of the conduct of a particular defendant and he must

3    allege an affirmative link between the injury and the conduct of that defendant.  Rizzo v.

4    Goode, 423 U.S. 362, 371-72, 377 (1976).

5        **A.    Statute of Limitations**

6        As an initial matter, Plaintiff's claims appear to be facially barred by the statute of

7    limitations.  The failure to state a claim includes circumstances where a defense is complete

8    and obvious from the face of the pleadings.  Franklin v. Murphy, 745 F.2d 1221, 1228 (9th

9    Cir. 1984) (applying former § 1915(d) now codified at 28 U.S.C. § 1915(e)(2)(B)).  Further,

10   a court may raise the defense of statute of limitations *sua sponte*.  See Levald, Inc. v. City

11   of Palm Desert, 998 F.2d 680, 687 (9th Cir. 1993); see also Hughes v. Lott, 350 F.3d 1157,

12   1163 (11th Cir. 2003) (appropriate to dismiss prisoner's complaint *sua sponte* as time-barred

13   under § 1915(e)(2)(B)); Nasim v. Warden, Maryland House of Corr., 64 F.3d 951, 956 (4th

14   Cir. 1995) (*en banc*) (same); Pino v. Ryan, 49 F.3d 51, 53 (2d Cir. 1995) (same); Moore v.

15   McDonald, 30 F.3d 616, 620 (5th Cir. 1994) (same); Johnson v. Rodriguez, 943 F.2d 104,

16   107-08 (1st Cir. 1991) (same).

17       In § 1983 actions, the Court applies the statute of limitations of the forum state for

18   personal injury actions.  Wilson v. Garcia, 471 U.S. 261, 266, 274-76 (1985); TwoRivers v.

19   Lewis, 174 F.3d 987, 991 (9th Cir. 1999); Vaughan v. Grijalva, 927 F.2d 476, 478 (9th Cir.

20   1991).  The Arizona statute of limitations for personal injury actions is two years.  See A.R.S.

21   § 12-542(1); Madden-Tyler v. Maricopa County, 943 P.2d 822, 824 (Ariz. Ct. App. 1997);

22   Vaughan, 927 F.2d at 478.  The Court must also apply any state rule for tolling to actions

23   brought under § 1983.  Hardin v. Straub, 490 U.S. 536, 544 (1989); TwoRivers, 174 F.3d at

24   992.  Arizona provides for tolling of the statute of limitation after a cause of action accrues

25   for the period during which a plaintiff was less than 18 years old or of unsound mind.  A.R.S.

26   § 12-502.

27       Plaintiff's claim arose no later than August 30, 2007, and he knew of his injury at the

28   time.  He commenced this action on December 19, 2011, or more than four years after his

claim accrued.   No basis for tolling of the statute of limitations appears in the Second Amended Complaint.[1]  **Absent allegations to support that the statute of limitations is subject to tolling, Plaintiff's claims and this action are time-barred.**   As discussed below, Plaintiff will be afforded the opportunity to file a third amended complaint in which he should allege any reason why the statute of limitations is subject to tolling.  Absent such allegations in a third amended complaint, Plaintiff's claims are facially untimely and will be dismissed as time-barred.

## B.   Durango Jail Staff

Plaintiff sues "Durango Jail Staff." Rule 10(a) of the Federal Rules of Civil Procedure requires the plaintiff to include the names of the parties in the action.  As a practical matter, it is impossible in most instances for the United States Marshal or his designee to serve a summons and complaint or amended complaint upon an anonymous defendant.  However, the Ninth Circuit has held that where identity is unknown prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds.  Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980)).  Further, where the names of individual defendants are unknown at the time a complaint is filed, a plaintiff may refer to the individual unknown defendants as Defendant John Doe 1, John Doe 2, and so on, and allege facts to support how each particular Doe defendant

---

[1]  Section 12-502 provides in relevant part that if a person is of unsound mind at the time a claim accrues, "the period of such disability shall not be deemed a portion of the period limited for commencement of the action.  Such person shall have the same time after removal of the disability which is allowed to others."  However, it is insufficient to summarily claim inability to bring an action as a result of mental disability.  Doe v. Roe, 955 P.2d 951, 964 (Ariz. 1998).  "Unsound mind occurs when the 'person is unable to manage his affairs or to understand his legal rights or liabilities.'"  Id. (quoting Allen v. Powell's Int'l, Inc., 270 P.2d 588, 589 (Ariz. 1974)).  "This standard recognizes two separate inquiries that may evince an unsound mind: (1) inability to manage daily affairs, and (2) inability to understand legal rights and liabilities.  The resulting inability to bring the action is a basis for tolling the statute of limitations under unsound mind."  Id.

violated the plaintiff's constitutional rights.  A plaintiff may thereafter use the discovery process to obtain the names of fictitiously-named defendants whom he believes violated his constitutional rights and seek leave to amend to name those defendants.

As discussed above, Plaintiff will be granted leave to file a third amended complaint in which he should address whether the statute of limitations may be tolled.  In addition, in an amended complaint, Plaintiff should name the officers who allegedly failed to obtain prompt medical attention for his injuries.  If the names of the officers are unknown, then Plaintiff may refer to each officer by a fictitious name, e.g., John Doe 1, John Doe 2, and so on and allege facts to support how each particular defendant violated his constitutional rights.

**C.     Arpaio**

Plaintiff sues Maricopa County Sheriff Joseph Arpaio.  Although Arpaio may properly be sued for constitutional violations, Plaintiff fails to state a claim against him.  "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights."  Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).  For an individual to be liable in his official capacity, a plaintiff must allege that the official acted as a result of a policy, practice, or custom.  See Cortez v. County of Los Angeles, 294 F.3d 1186, 1188 (9th Cir. 2001).  Further, there is no *respondeat superior* liability under § 1983, so a defendant's position as the supervisor of a someone who allegedly violated a plaintiff's constitutional rights does not make him liable.    Monell v. Dep't of Soc.Servs., 436 U.S. 658, 691 (1978);  Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  A supervisor in his individual capacity, "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them."  Taylor, 880 F.2d at 1045.

Plaintiff has not alleged facts to support that Arpaio enacted or enforced a policy, custom, or practice that resulted in the violation of Plaintiff's constitutional rights.  Further, Plaintiff has not alleged facts to support that Arpaio directly violated his constitutional rights or that Arpaio was aware that Plaintiff's rights were being violated but failed to act.  Thus, Plaintiff fails to state a claim against Arpaio in his Second Amended Complaint and he will

1    be dismissed.

2        **D.    Threat to Safety**

3        Plaintiff asserts a claim for threat to safety.  To state a claim under § 1983 for threat

4    to safety, an inmate must allege facts to support that he was incarcerated under conditions

5    posing a substantial risk of harm and that prison officials were "deliberately indifferent" to

6    those risks.  Farmer v. Brennan, 511 U.S. 825, 832-33 (1994).  To adequately allege

7    deliberate indifference, a plaintiff must allege facts to support that a defendant knew of, but

8    disregarded, an excessive risk to inmate safety.  Id. at 837.  That is, "the official must both

9    [have been] aware of facts from which the inference could be drawn that a substantial risk

10   of serious harm exist[ed], and he must also [have] draw[n] the inference."  Id.

11       Plaintiff has not alleged facts to support that the absence of ladders on the bunk beds

12   rose to the level of an excessive risk to inmate safety, such as, for example, alleging the

13   frequency of inmates being injured.  Plaintiff also has not alleged facts to support that Arpaio

14   knew of – or knew of facts giving rise to an inference and drew the inference – that the lack

15   of ladders posed an excessive risk to inmate safety.  For these reasons, in addition to his

16   failure to establish that the statute of limitations should be tolled, Plaintiff fails to state a

17   constitutional claim for threat to safety.

18       **E.    Medical Care**

19       Plaintiff alleges that he received constitutionally inadequate medical care.  Not every

20   claim by a prisoner relating to inadequate medical treatment states a violation of the Eighth

21   or Fourteenth Amendment.  To state a § 1983 medical claim, a plaintiff must show that the

22   defendants acted with "deliberate indifference to serious medical needs."  Jett v. Penner, 439

23   F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)).   A

24   plaintiff must show (1) a "serious medical need" by demonstrating that failure to treat the

25   condition could result in further significant injury or the unnecessary and wanton infliction

26   of pain and (2) the defendant's response was deliberately indifferent.  Jett, 439 F.3d at 1096

27   (quotations omitted).

28       "Deliberate indifference is a high legal standard."  Toguchi v. Chung, 391 F.3d 1051,

JDDL-K                                              - 7 -

1060 (9th Cir. 2004).  To act with deliberate indifference, a prison official must both know of and disregard an excessive risk to inmate health; "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837.  Deliberate indifference in the medical context may be shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need and harm caused by the indifference. Jett, 439 F.3d at 1096. Deliberate indifference may also be shown when a prison official intentionally denies, delays, or interferes with medical treatment or by the way prison doctors respond to the prisoner's medical needs. Estelle, 429 U.S. at 104-05; Jett, 439 F.3d at 1096.

Deliberate indifference is a higher standard than negligence or lack of ordinary due care for the prisoner's safety. Farmer, 511 U.S. at 835.  "Neither negligence nor gross negligence will constitute deliberate indifference." Clement v. California Dep't of Corrections, 220 F. Supp. 2d 1098, 1105 (N.D. Cal. 2002); see also Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980) (mere claims of "indifference," "negligence," or "medical malpractice" do not support a claim under § 1983).  "A difference of opinion does not amount to deliberate indifference to [a plaintiff's] serious medical needs." Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).  A mere delay in medical care, without more, is insufficient to state a claim against prison officials for deliberate indifference. See Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). The indifference must be substantial.  The action must rise to a level of "unnecessary and wanton infliction of pain." Estelle, 429 U.S. at 105.

While Plaintiff alleges that he was seriously injured and required prompt medical care, Plaintiff fails to connect his allegations to any properly named defendant.  For that reason, in addition to his failure to establish that the statute of limitations should be tolled, he fails to state a claim for deliberate indifference to his serious medical need.  Plaintiff will be afforded an opportunity to cure these deficiencies.

**IV.    Leave to Amend**

For the foregoing reasons, Plaintiff's Second Amended Complaint will be dismissed

1  for failure to state a claim upon which relief may be granted.  Within 30 days, Plaintiff may

2  submit a third amended complaint to cure the deficiencies outlined above.  The Clerk of

3  Court will mail Plaintiff a court-approved form to use for filing a third amended complaint.

4  If Plaintiff fails to use the court-approved form, the Court may strike the amended complaint

5  and dismiss this action without further notice to Plaintiff.

6      Plaintiff must clearly designate on the face of the document that it is the "Third

7  Amended Complaint."  The third amended complaint must be retyped or rewritten in its

8  entirety on the court-approved form and may not incorporate any part of any prior complaint

9  by reference.  Plaintiff may include only one claim per count.

10      A third amended complaint supersedes every prior complaint. Ferdik v. Bonzelet, 963

11  F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542,

12  1546 (9th Cir. 1990).  After amendment, the Court will treat every prior complaint as

13  nonexistent.  Ferdik, 963 F.2d at 1262.  Any cause of action that was raised in a prior

14  complaint is waived if it is not raised in a third amended complaint.  King v. Atiyeh, 814

15  F.2d 565, 567 (9th Cir. 1987).

16  **V.      Warnings**

17      **A.      Release**

18      Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.

19  Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay

20  the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result

21  in dismissal of this action.

22      **B.      Address Changes**

23      Plaintiff must file and serve a notice of a change of address in accordance with Rule

24  83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other

25  relief with a notice of change of address.  Failure to comply may result in dismissal of this

26  action.

27      **C.      Copies**

28      Plaintiff must submit an additional copy of every filing for use by the Court.  See

JDDL-K

LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D. Possible "Strike"

Because the First and Second Amended Complaints have been dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g).   Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

### E. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court.

**IT IS ORDERED:**

(1)  Plaintiff's third Application to Proceed *In Forma Pauperis* is **denied**.  (Doc. 12.)

(2)    The Second Amended Complaint is **dismissed** for failure to state a claim. (Doc. 14.)  Plaintiff has **30 days** from the date this Order is filed to file a third amended complaint in compliance with this Order.

(3)    If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

(4)    The Clerk of Court must mail Plaintiff a court-approved form for filing a civil . . .

1   rights complaint by a prisoner.

2          DATED this 21st day of March, 2012.

3

4

5   _____
    Robert C. Broomfield
6   Senior United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1. <u>Who May Use This Form</u>.  The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.  These complaints typically concern, but are not limited to, conditions of confinement.  **This form should not be used to challenge your conviction or sentence**.  If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2. <u>The Form</u>.  **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.**  The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper.  You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.  You do not need to cite law.

3. <u>Your Signature</u>.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4. <u>The Filing Fee</u>.  The filing fee for this action is $350.00.  If you are unable to immediately pay the filing fee, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for additional instructions.

5. <u>Original and Judge's Copy</u>.  You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.

6. <u>Where to File</u>.  You should file your complaint in the division **where you were confined when your rights were allegedly violated**.  <u>See</u> LRCiv 5.1(a) and 77.1(a).  If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.  If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division.  If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.  **Mail the original and one copy of the complaint with the $350 filing fee or the application to proceed *in forma pauperis* to:**

Phoenix & Prescott Divisions:     **OR**     Tucson Division:
U.S. District Court Clerk                               U.S. District Court Clerk
U.S. Courthouse, Suite 130                          U.S. Courthouse, Suite 1500
401 West Washington Street, SPC 10      405 West Congress Street
Phoenix, Arizona  85003-2119                   Tucson, Arizona  85701-5010

7.  <u>Change of Address</u>.  You must immediately notify the Court and the defendants in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.  <u>Certificate of Service</u>.  You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed *in forma pauperis*).  Each original document (except the initial complaint and application to proceed *in forma pauperis*) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.  <u>See</u> Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

> I hereby certify that a copy of the foregoing document was mailed this _____ (month, day, year) to:
> Name:  _____
> Address:_____
>         Attorney for Defendant(s)
> _____
> (Signature)

9.  <u>Amended Complaint</u>.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  You may file one amended complaint without leave (permission) of Court before any defendant has answered your original complaint.  <u>See</u> Fed. R. Civ. P. 15(a).  After any defendant has filed an answer, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.  LRCiv 15.1.  In addition, an amended complaint may not incorporate by reference any part of your prior complaint.  LRCiv 15.1(a)(2).  **Any allegations or defendants not included in the amended complaint are considered dismissed**.  All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10.  <u>Exhibits</u>.  You should not submit exhibits with the complaint or amended complaint.  Instead, the relevant information should be paraphrased.  You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11.  <u>Letters and Motions</u>.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

12.  <u>Completing the Civil Rights Complaint Form</u>.

**HEADING:**

    1.  <u>Your Name</u>.  Print your name, prison or inmate number, and institutional mailing address on the lines provided.

    2.  <u>Defendants</u>.  If there are **four or fewer** defendants, print the name of each.  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.  Insert the additional page after page 1 and number it "1-A" at the bottom.

    3.  <u>Jury Demand</u>.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so may result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

    1.  <u>Nature of Suit</u>.  Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "<u>Bivens v. Six Unknown Federal Narcotics Agents</u>" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

    2.  <u>Location</u>.  Identify the institution and city where the alleged violation of your rights occurred.

    3.  <u>Defendants</u>.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.  Insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

    You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.  If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.  CAUSE OF ACTION:**

    You must identify what rights each defendant violated.  The form provides space to allege three separate counts (**one violation per count**).  If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page. Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

1. <u>Counts</u>.  You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2. <u>Issue Involved</u>.  Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.  If you check the box marked "Other," you must identify the specific issue involved.

3. <u>Supporting Facts</u>.  After you have identified which civil right was violated, you must state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you must identify which defendant did what act.  You also should state the date(s) on which the act(s) occurred, if possible.

4. <u>Injury</u>.  State precisely how you were injured by the alleged violation of your rights.

5. <u>Administrative Remedies</u>.  You must exhaust any available administrative remedies before you file a civil rights complaint.  <u>See</u> 42 U.S.C. § 1997e.  Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.  REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.  Failure to sign the complaint will delay the processing of your action.  Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

**FINAL NOTE**

You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed.  All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ ,   )
                                             )
(Full Name of Plaintiff)         Plaintiff,  )
                                             )
                   vs.                       )   **CASE NO.** _____
                                             )        (To be supplied by the Clerk)
(1) _____ ,      )
(Full Name of Defendant)                     )
                                             )
(2) _____ ,      )
                                             )       **CIVIL RIGHTS COMPLAINT**
(3) _____ ,      )           **BY A PRISONER**
                                             )
                                             )
(4) _____ ,      )   ☐ Original Complaint
                   Defendant(s).             )   ☐ First Amended Complaint
☐ Check if there are additional Defendants and attach page 1-A listing them. )   ☐ Second Amended Complaint

### A. JURISDICTION

1.   This Court has jurisdiction over this action pursuant to:
         ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
         ☐ 28 U.S.C. § 1331; Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).
         ☐ Other: _____.

2.   Institution/city where violation occurred: _____.

Revised 3/9/07                            1                              **550/555**

## B.  DEFENDANTS

1. Name of first Defendant: _____. The first Defendant is employed as:
_____at_____.
(Position and Title)            (Institution)

2. Name of second Defendant: _____. The second Defendant is employed as:
_____at_____.
(Position and Title)            (Institution)

3. Name of third Defendant: _____. The third Defendant is employed as:
_____at_____.
(Position and Title)            (Institution)

4. Name of fourth Defendant: _____. The fourth Defendant is employed as:
_____at_____.
(Position and Title)            (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.  PREVIOUS LAWSUITS

1. Have you filed any other lawsuits while you were a prisoner?  ☐ Yes  ☐ No

2. If yes, how many lawsuits have you filed? _____.  Describe the previous lawsuits:

    a.  First prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
        _____.

    b.  Second prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
        _____.

    c.  Third prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
        _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

## D.  CAUSE OF ACTION

### COUNT I

1.    State the constitutional or other federal civil right that was violated:  _____
_____.

2.    **Count I**.  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities          ☐ Mail          ☐ Access to the court          ☐ Medical care
☐ Disciplinary proceedings   ☐ Property      ☐ Exercise of religion         ☐ Retaliation
☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____

3.    **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.    **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).
_____
_____
_____.

5.    **Administrative Remedies:**
   a.    Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                                 ☐ Yes     ☐ No
   b.    Did you submit a request for administrative relief on Count I?            ☐ Yes     ☐ No
   c.    Did you appeal your request for relief on Count I to the highest level?  ☐ Yes     ☐ No
   d.    If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.  _____
_____.

3

**COUNT II**

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count II.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
    ☐ Basic necessities       ☐ Mail       ☐ Access to the court      ☐ Medical care
    ☐ Disciplinary proceedings    ☐ Property     ☐ Exercise of religion     ☐ Retaliation
    ☐ Excessive force by an officer ☐ Threat to safety ☐ Other: _____.

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count II.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**
    a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?      ☐ Yes     ☐ No
    b.   Did you submit a request for administrative relief on Count II?      ☐ Yes     ☐ No
    c.   Did you appeal your request for relief on Count II to the highest level?      ☐ Yes     ☐ No
    d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

4

**COUNT III**

1.   State the constitutional or other federal civil right that was violated: _____
_____ .

2.   **Count III.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities        ☐ Mail            ☐ Access to the court      ☐ Medical care
☐ Disciplinary proceedings   ☐ Property        ☐ Exercise of religion      ☐ Retaliation
☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____ .

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count III.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____ .

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____ .

5.   **Administrative Remedies.**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available
        at your institution?                                                    ☐ Yes    ☐ No
   b.   Did you submit a request for administrative relief on Count III?          ☐ Yes    ☐ No
   c.   Did you appeal your request for relief on Count III to the highest level?  ☐ Yes    ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why
        you did not. _____
        _____ .

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

5

## E.  REQUEST FOR RELIEF

State the relief you are seeking:

_____

_____

_____

_____

_____

_____

_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____          _____

                           DATE          SIGNATURE OF PLAINTIFF


_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)

_____

_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.